**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ART VAN FURNITURE, LLC, et al.,[1]<br><br>                            Debtors. | Chapter 7<br><br>Case No. 20-10553 (CTG) |
| ALFRED T. GIULIANO, in his capacity as Chapter 7 Trustee of Art Van Furniture, LLC, *et al*.,<br><br>                            Plaintiff,<br><br>vs.<br><br>UNITED FURNITURE INDUSTRIES, INC.; FIRST-CITIZENS BANK & TRUST COMPANY d/b/a THE CIT GROUP,<br><br>                            Defendants. | Adv. Proc. No. 22-50227 (CTG) |

**CIT'S ANSWER TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 & 550**

Defendant First-Citizens Bank & Trust Company d/b/a The CIT Group[2] (the "Defendant"), by its undersigned attorneys answering the Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 & 550 dated March 3, 2022 (the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Art Van Furniture, LLC (9205) ("Art Van"); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of. Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198) ("Sam Levin"); and Comfort Mattress LLC 4463).

[2] At all relevant times to the Complaint, the legal entity which factored accounts associated with the Debtors and possibly received transfers from the Debtors was The CIT Group/Commercial Services, Inc. ("CIT Commercial Services"). First-Citizens Bank & Trust Company ("FCB", together with CIT Commercial Services, "CIT") had no relation or involvement with the Debtors at any time. On or about January 3, 2022, First Citizens BancShares, Inc., the parent company of FCB consummated a merger agreement with CIT Group Inc., the ultimate parent of CIT Commercial Services. Following the merger, CIT Commercial Services became a second-tier subsidiary of FCB. While the Complaint does not correctly name CIT Commercial Services, CIT Commercial Services is answering this Complaint as if it were properly named and for and on behalf of FCB.

"Complaint") of the plaintiff, Alfred T. Giuliano, in his capacity as Chapter 7 Trustee of Art Van Furniture, LLC, *et al.*, (the "Plaintiff") respectfully alleges as follows:

## THE PARTIES

1. Upon information and belief, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "1" of the Complaint and respectfully refers the Court to the docket of these proceedings and terms of the documents referenced therein for the provisions and import thereof.

2. Upon information and belief, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "2" of the Complaint and respectfully refers the Court to the docket of these proceedings and terms of the documents referenced therein for the provisions and import thereof.

3. Upon information and belief, Defendant admits that FCB is a bank formed under the laws of the State of North Carolina, of which CIT Commercial Services is a second-tier subsidiary.

## JURISDICTION AND VENUE

4. Paragraph "4" of the Complaint calls for a legal conclusion for which no response is required.

5. Paragraph "5" of the Complaint calls for a legal conclusion for which no response is required.

6. Paragraph "6" of the Complaint is Plaintiff's consent to the entry of a final order or judgment by the bankruptcy court for which no response is required.  The Defendant also consents to the entry of a final order or judgment by the bankruptcy court as to all claims in the Complaint.

7.       Paragraph "7" of the Complaint calls for a legal conclusion for which no response is required.

## BASIS FOR RELIEF REQUESTED

8.       Paragraph "8" of the Complaint sets forth Plaintiff's description of this action for which no response is required.

## FACTS

9.       Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "9" of the Complaint.

10.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "10" of the Complaint because Plaintiff has failed to provide sufficient information to make a determination.

11.      Except as set forth in Paragraph "14", Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "11" of the Complaint because Plaintiff has failed to provide sufficient information to make a determination, but in any event deny that any Transfers made were preferential.

12.      Defendant admits that all Transfers are subject in whole or in part to defenses under 11 U.S.C. § 547 (c). Defendant admits that Defendant bears the burden of proof pursuant to 11 U.S.C. § 547 (g) to establish any defenses under 11 U.S.C. § 547 (c). Defendant denies that the Plaintiff directed a Demand Letter to CIT. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph "12" of the Complaint.

## FIRST CLAIM FOR RELIEF
### (Avoidance of Preferential Transfers—11 U.S.C. § 547)

13. Defendant repeats and realleges the responses set forth in Paragraphs "1" through "12" above with respect to the allegations contained in Paragraph "13" of the Complaint.

14. Defendant admits CIT Commercial Services received certain of the Transfers identified on Exhibit A of the Complaint, but denies receiving all of the Transfers identified on Exhibit A.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "15" of the Complaint.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "16" of the Complaint.

17. Defendant admits to being a creditor of the Plaintiff with respect to certain of the Transfers but denies the remainder of the allegations contained in Paragraph "17" of the Complaint.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "18" of the Complaint.

19. Defendant denies knowledge or information to form a belief as to the truth of the allegations contained in Paragraph "19" of the Complaint.

20. Defendant denies the allegations contained in Paragraph "20" of the Complaint.

21. Defendant admits that any Transfers received have not been returned to the Plaintiff.

22. Paragraph "22" of the Complaint calls for a legal conclusion for which no response is required, but in any event Defendant denies that any Transfers may be avoided.

**SECOND CLAIM FOR RELIEF**
**(For Recovery of Property—11 U.S.C. § 550)**

23.     Defendant repeats and realleges the responses set forth in Paragraphs "1" through "22" above with respect to the allegations contained in Paragraph "23" of the Complaint.

24.     Paragraph "24" of the Complaint calls for a legal conclusion for which no response is required, but in any event Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "24" of the Complaint because Plaintiff has failed to provide sufficient information to make a determination, and denies that any Transfers made may be avoided.

25.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "25" of the Complaint because Plaintiff has failed to provide sufficient information to make a determination, but in any event deny that any Transfers made may be avoided.

## ADDITIONAL FACTS COMMON TO ALL DEFENSES

26.     CIT Commercial Services was party to a factoring agreement with United Furniture Industries, Inc. ("United") under the terms of which CIT Commercial Services factored accounts receivables and/or made other financial accommodations. Various accounts receivables payable by the Debtors, including those forming the basis for some of the payments made by the Transfers, were factored by United with CIT Commercial Services, and the Transfers, as payments for those accounts receivables, may have been made to or for the benefit of CIT Commercial Services.

27.     In addition to United, CIT Commercial Services also is or was party to various factoring agreements with various parties under the terms of which CIT Commercial Services factored accounts receivable due from the Debtor (including United, collectively, the "CIT Clients"). Also certain CIT Clients are defendants to adversary proceedings, listed on

Schedule A hereto (collectively with United, the "CIT Related Defendants"), which have been filed by the Trustee to avoid certain transfers (the "CIT Related Adversary Proceedings"). Accordingly, these Additional Facts Common to All Defenses are relevant to this adversary proceeding because CIT is a named defendant in most of the CIT Related Adversary Proceedings.

28. Various accounts receivable owed by the Debtors, including those forming the basis for many of the payments made by the transfers set forth in the CIT Related Adversary Proceedings, were factored by the CIT Clients with CIT Commercial Services and the transfers sought to be avoided in the CIT Related Adversary Proceedings (collectively, including the Transfers, the "CIT Related Transfers"), were in payment for many of those accounts receivable and many of the CIT Related Transfers were made to or for the benefit of CIT Commercial Services

29. In the ordinary course of CIT's business, the business of United, and the business of the Debtors, with respect to CIT Clients, CIT managed its credit decisions with respect to the factoring of accounts receivable due from the Debtors and agreeing to assume credit risk thereon in relation to CIT Clients on a collective basis, at all times considering the collective credit exposure with respect to all factored accounts receivable due and owing from the Debtors when making decisions as to the further extension of credit by factoring accounts receivable due from the Debtors from any of the CIT Clients.

30. Upon information and belief, certain of the Transfers were received by parties other than Defendants.

**FIRST DEFENSE**

31. The Complaint fails to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable by Federal Bankruptcy Rule 7012(b).

**SECOND DEFENSE**

32. The Complaint fails to satisfy the notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

**THIRD DEFENSE**

33. The Transfers were (a) in payment of debts incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and the Defendant and (b) were (i) made in ordinary course of business or financial affairs of the Debtors and the Defendant; or (ii) made according to ordinary business terms. Accordingly, the Transfers may not be avoided pursuant to 11 U.S.C. § 547(c)(2).

**FOURTH DEFENSE**

34. Subsequent to the receipt of Transfers, Defendant through CIT Commercial Services, gave new value, including in connection with CIT Clients, including United or other CIT Related Defendants, to and for the benefit of the Debtors, not secured by an otherwise unavoidable security interest, on account of which new value the Debtors did not make an otherwise unavoidable transfer to or for the benefit of Defendant. The new value that Defendant gave to the Debtors was in amounts sufficient to diminish or eliminate any recovery that the Plaintiff alleges it is entitled to in the Complaint. The Transfers are not recoverable with respect to Defendant because the defenses asserted herein with respect to the Transfers and defenses of CIT with respect to any transfers set forth in the Related Party Suits and CIT's defenses thereto should be consolidated on an aggregate basis. Additionally, United may have

also provided new value to and for the benefit of the Debtors, not secured by an otherwise unavoidable security interest, on account of which new value the Debtors did not make an otherwise unavoidable transfer to or for the benefit of United. The new value that Defendant and/or United gave to the Debtors were in amounts sufficient to diminish or eliminate any recovery that the Plaintiff alleges it is entitled to in the Complaint. Accordingly, the Transfers may not be avoided pursuant to 11 U.S.C. § 547(c)(4).

### FIFTH DEFENSE

35. The Transfers to the Defendant were intended by the Debtors and Defendant to be a contemporaneous exchange for new value given to the Debtors and were in fact a substantially contemporaneous exchange. Accordingly, the Transfers may not be avoided by the Plaintiff pursuant to 11 U.S.C. § 547(c)(1).

### SIXTH DEFENSE

36. One or more of the Transfers are not recoverable because they were prepayments or a return of unpaid goods and therefore were not made on account of antecedent debt.

### SEVENTH DEFENSE

37. The Transfers are not recoverable from the Defendant to the extent that the Defendant was not a creditor of the Debtor at the time of each Transfer in relation to such Transfer.

### EIGHTH DEFENSE

38. The transfers are not recoverable because the Transfers were not made to or for the benefit of the Defendant.

### NINTH DEFENSE

39. The Transfers are not recoverable because the Debtors were not insolvent at the time the Transfers were made.

### TENTH DEFENSE

40. The Transfers are not recoverable because the Transfers and any defenses that may be asserted by the Defendant should be equitably consolidated among the Debtors.

### ELEVENTH DEFENSE

41. The Transfers may not be recovered by Plaintiff pursuant to 11 U.S.C. § 550 because the Transfers are not avoidable pursuant to 11 U.S.C. § 547.

### TWELFTH DEFENSE

42. Defendant reserves the right to assert any other claims or defenses as may be available or become available to it during the course of these proceedings.

**WHEREFORE**, Defendant demands judgment:

 (a) Dismissing the Complaint;

 (b) For the costs and disbursements of this adversary proceeding; and

 (c) For such other and further relief as the Court Deems just and proper.

Dated: October 3, 2022

             **BIELLI & KLAUDER, LLC**

             */s/ David M. Klauder*
             David M. Klauder, Esquire (No. 5769)
             1204 N. King Street
             Wilmington, Delaware 19801
             Phone: (302) 803-4600
             Facsimile: (302) 397-2557
             Email: dklauder@bk-legal.com

             and

             **Thompson Coburn Hahn & Hessen LLP**
             Mark S. Indelicato
             Joseph Orbach
             488 Madison Avenue
             New York, New York 10022
             Telephone: (212) 478-7200
             Facsimile: (212) 478-7400
             E-mail: mindelicato@thompsoncoburn.com
             jorbach@thompsoncoburn.com

             *Counsel for CIT*