# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>ART VAN FURNITURE, LLC, *et al.*,[1]<br><br>Debtors.<br><br>ALFRED T. GIULIANO, in his capacity as Chapter 7 Trustee of Art Van Furniture, LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>UNITED FURNITURE INDUSTRIES, INC.; FIRST-CITIZENS BANK & TRUST COMPANY d/b/a THE CIT GROUP,<br><br>Defendants. | Chapter 7<br><br>Case No. 20-10553 (CSS)<br><br>(Jointly Administered)<br><br><br><br><br><br><br><br>Adv. Pro. No. 22-50227 (CSS) |

### DEFENDANT UNITED FURNITURE INDUSTRIES, INC.'S ANSWER TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550

United Furniture Industries, Inc. ("United Furniture" or "Defendant"), through its undersigned counsel, for its Answer To Complaint For Avoidance And Recovery of Preferential Transfers Pursuant To 11 U.S.C. §§ 547 And 550 (the "Complaint") filed by Alfred T. Giuliano, in his capacity as Chapter 7 Trustee of Art Van Furniture, LLC (the "Plaintiff"), states as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

## THE PARTIES

1. United Furniture admits the allegations contained in paragraph 1 of the Complaint.

2. The allegations of paragraph 2 of the Complaint state legal conclusions to which no response is required, except United Furniture admits on information and belief that the Debtors' chapter 11 cases were converted to cases under chapter 7 on April 6, 2020, and the plaintiff was appointed as trustee on the same date.

3. United Furniture lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and, therefore, denies them, except that United Furniture admits that it is a corporation formed under the laws of the State of Ohio with its principal office address at 5380 Highway 145 South, Tupelo Mississippi.

## JURISDICTION AND VENUE

4. The allegations contained in paragraph 4 of the Complaint state legal conclusions to which no response is required.

5. The allegations contained in paragraph 5 of the Complaint state legal conclusions to which no response is required, except that it is admitted that this is a core proceeding.

6. Pursuant to Del. Bankr. L.R. 7008-1, United Furniture consents to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

7. The allegations contained in paragraph 7 of the Complaint state legal conclusions to which no response is required.

**BASIS FOR RELIEF REQUESTED**

8. The allegations contained in paragraph 8 of the Complaint constitute plaintiff's statement of the nature of the case to which no response is required. To the extent a response is required, United Furniture denies that plaintiff is entitled to avoid and recover the challenged transfers from United Furniture.

**FACTS**

9. United Furniture lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, denies them.

10. United Furniture denies the allegations contained in paragraph 10 of the Complaint.

11. United Furniture denies the allegations contained in paragraph 11 of the Complaint.

12. United Furniture lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and, therefore, denies them, except United Furniture admits that it provided information to the plaintiff with respect to its defenses. By way of further response, United Furniture states that plaintiff has failed to account for United Furniture's known or reasonably knowable affirmative defenses pursuant to 11 U.S.C. § 547(c) as required by 11 U.S.C. § 547(b).

**FIRST CLAIM FOR RELIEF**
**(Avoidance of Preference Transfers – 11 U.S.C. § 547)**

13. United Furniture incorporates by reference its answers to the allegations contained in paragraphs 1-12 above as if fully set forth herein.

14. United Furniture denies the allegations contained in paragraph 14 of the Complaint.

15. United Furniture denies the allegations contained in paragraph 15 of the Complaint.

16. United Furniture denies the allegations contained in paragraph 16 of the Complaint.

17. United Furniture denies the allegations contained in paragraph 17 of the Complaint.

18. United Furniture denies the allegations contained in paragraph 18 of the Complaint.

19. United Furniture denies the allegations contained in paragraph 19 of the Complaint.

20. United Furniture denies the allegations contained in paragraph 20 of the Complaint.

21. United Furniture admits the allegations contained in paragraph 21 of the Complaint and avers further that it has no obligation to Plaintiff with respect to the Transfers.

22. United Furniture denies the allegations contained in paragraph 22 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**(For Recovery of Property – 11 U.S.C. § 550)**

23. United Furniture incorporates by reference its answers to the allegations contained in paragraphs 1-23 above as if fully set forth herein.

24. United Furniture denies the allegations contained in paragraph 24 of the Complaint.

25. United Furniture denies the allegations contained in paragraph 25 of the Complaint.

## ADDITIONAL DEFENSES

The following additional defenses are raised by United Furniture without waiver of any other defenses that may be available to United Furniture, and United Furniture specifically reserves the right to raise any affirmative or other defenses available to it at any time during the pendency of this adversary proceeding, including any and all defenses which may come to light through discovery or otherwise:

1. The Complaint should be dismissed for failure to state a claim for relief to the extent it seeks to avoid and recover transfers not specifically identified in the Complaint or in an exhibit thereto.

2. The Complaint should be dismissed for failure to state a claim for relief to the extent it fails to identify the alleged transferee of each of the transfers identified in the Complaint.

3. The challenged transfers are not recoverable from United Furniture to the extent that United Furniture was not a creditor of the Debtors at the time the challenged transfers were allegedly made.

4. The challenged transfers were not made to or for the benefit of United Furniture.

5. The Complaint should be dismissed for failure to state a claim for relief as the result of the trustee's failure to failure to account for known or reasonably knowable affirmative defenses based on reasonable due diligence.

6. The challenged transfers are not subject to avoidance and/or recovery to the extent they were made in payment of debts incurred in the ordinary course of business or financial affairs of the Debtors and United Furniture, and were made in the ordinary course of business or financial affairs of the Debtors and United Furniture or according to ordinary business terms.

7. The challenged transfers are not subject to avoidance to the extent that, subsequent to the challenged transfer, United Furniture gave new value to or for the benefit of the Debtors, not secured by an unavoidable security interest, for which the Debtors did not make an unavoidable transfer to or for the benefit of United Furniture, pursuant to 11 U.S.C. § 547(c)(4).

8. The challenged transfers are not subject to avoidance to the extent that they were intended by the Debtors and United Furniture to be contemporaneous exchanges for new value given by United Furniture to the Debtors and were substantially contemporaneous exchanges.

WHEREFORE, United Furniture respectfully requests: (i) judgment in its favor and against Plaintiff in all respects; (ii) entry of an order dismissing the Complaint and awarding

- 7 -

United Furniture its reasonable attorney fees to the extent permitted by law; and (iii) an award of any further relief to United Furniture as the Court may deem just or proper.

                    MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                    */s/ Donna L. Culver*
                    Donna L. Culver (No. 2983)
                    Jonathan Weyand (No. 6959)
                    1201 North Market Street
                    P. O. Box 1347
                    Wilmington, DE 19801
                    Telephone:  (302) 658-9200
                    Facsimile:  (302) 658-3989
                    Email:  dculver@morrisnichols.com
                                jweyand@morrisnichols.com

                    *Attorneys for Defendant*
                    *United Furniture Industries, Inc.*

October 3, 2022
15669305.1